458

Patricia C. CARROLL, Plaintiff,

v.

UNITED STATES of America, United States Department of Defense, Department of the Air Force, Headquarters 96th Combat Support Group (SAC), Dyess Air Force Base, and David F. Ibbotson, Ray Whitley, and Anna Hammersmith, Defendants.

Civ. A. No. CA-1-80-72.

United States District Court,
N. D. Texas,
Abilene Division.

Sept. 9, 1981.

Steven M. Angel, Angel & Gassaway, San Antonio, Tex., for plaintiff.

James A. Rolfe, U. S. Atty., Dallas, Tex., Anthony Vaughn, Asst. U. S. Atty., Fort Worth, Tex., for defendants.

### ORDER

WOODWARD, Chief Judge.

Plaintiff brought this suit against the United States, David Ibbotson, Ray Whitley, and Anna Hammersmith for violations of her First Amendment rights alleging that the defendants refused to rehire plaintiff in retaliation to her former membership in and activities on behalf of a local government employee's union.

On June 26, 1981, this court entered an order dismissing plaintiff's suit against the United States and the individual defendants in their official capacities. Therefore, the remaining cause of action is a "Bivens"-type [1] action against the individual defendants in their individual capacities.

Defendants filed a motion to dismiss and the court held a hearing on such motion on the 4th day of September, 1981 in Abilene, Texas. After considering the pleadings and the briefs and arguments of counsel, the court enters the following order:

The defendants base their motion to dismiss on the fact that plaintiff has pursued her administrative remedies and according to the holding in *Bush v. Lucas*, 647 F.2d 573 (5th Cir. 1981), plaintiff is precluded from bringing the present action.

Pursuant to Executive Order (E.O.) 11491, plaintiff filed a grievance with the Assistant Secretary of Labor for Labor Management Relations claiming she was denied employment at the Dyess Air Force Base Commissary due to her participation in the government employee's union. Executive Order 11491 was subsequently superseded by the Civil Service Reform Act of 1978 and although plaintiff's case was reviewed by the Federal Labor Relations Authority (FLRA), her case was decided on the basis of E.O. 11491. 3 F.L.R.A. No. 122, f.n. p. 2 (July 31, 1980).

The FLRA ruled in favor of the plaintiff on July 31, 1980 and ordered the Air Force to give plaintiff first consideration in filling any position for which she was qualified including but not limited to the position of sales store checker, GS–3 intermittent. Back pay was not awarded since plaintiff was considered to be an unsuccessful applicant for Federal employment.

■ It appears to the court that plaintiff has obtained an effective administrative remedy and thus, under the rule espoused in *Bush, supra*, the motion to dismiss must be granted.

In *Bush*, the Fifth Circuit held that a civil service employee could not maintain a *Bivens* action against his superior because he had pursued his administrative remedies. The analysis in *Bush* was rooted in the exceptions to an individual's right to recover damages against a Federal agent as set forth in *Bivens, supra*. Apparently, a plaintiff's recovery can be defeated in the following situations:

The first is when defendants demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress." The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective. *Bivens, supra* at 396–397, 91 S.Ct. at 2004–2005.

The court in *Bush* found "special factors counseling hesitation" in that "the unique relationship between the Federal Government and its civil service employees is a special consideration which counsels hesitation in inferring a *Bivens* remedy in the absence of affirmative congressional action." *Bush, supra* at 576.

■ In view of the foregoing, this court finds factors in the present case also counsel hesitation in allowing a *Bivens* claim.

Plaintiff argues the present case is distinguishable because the complainant in *Bush* was actually a civil service employee, whereas the plaintiff in the case at bar was a mere applicant for employment. Therefore, plaintiff asserts she had no administrative and statutory scheme for redress, and she was unable to recover money damages.

The court does not find plaintiff's arguments persuasive. She was able to present her grievances to an administrative body which accorded her all possible relief. She was not left, as the congressional employee in *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), without any remedy.

1. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The identical considerations in *Bush* are also present here. "Inferring a *Bivens* remedy in this case would tend to interfere with and undermine the traditional control of the Government over its internal and personnel affairs. It might encourage aggrieved employees to bypass the statutory and administrative remedies in order to seek direct judicial relief and thereby deprive the Government of the opportunity to work out its personnel problems within the framework it has so painstakingly established." *Bush, supra* at 577.

Plaintiff concedes that had her case arisen under the Civil Reform Act instead of under E.O. 11491, her case might well be barred by the first situation in *Bivens.* However, plaintiff contends that her remedies under E.O. 11491 were obviously limited since she could not receive back pay.

The court has determined that plaintiff received full relief allowable by applicable law at the particular time in question. That the law was subsequently changed does not bear on the fact that plaintiff pursued and received her full administrative remedies. The underlying theory on which *Bush* is based—a desire to avoid interference with the government's personnel affairs—applies to the facts of this case and dictates a similar result.

Further, plaintiff has alleged a conspiracy to interfere with plaintiff's employment relationship and the intentional infliction of emotional distress. The court is of the opinion that these allegations in the plaintiff's amended complaint are simply her *Bivens* claim stated in another fashion. As stated above such claims are not cognizable and therefore the plaintiff has failed to state a cause of action upon which relief can be granted.

Plaintiff has filed a motion for partial summary judgment stating that the issues determined by the FLRA would act as collateral estoppel in the present proceeding. In view of the foregoing, it is unnecessary to reach this particular stage of the proceeding and therefore the plaintiff's motion for summary judgment is denied.

A judgment will be entered accordingly.